# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| U.S. BANCORP, a Delaware corporation, and U.S. BANK NATIONAL ASSOCIATION, a national banking association, | Case No.: 12-cv-03175-PAM-JSM |
| Plaintiffs, | |
| vs. | ANSWER AND AFFIRMATIVE DEFENSES OF INDIAN HARBOR INSURANCE COMPANY |
| INDIAN HARBOR INSURANCE COMPANY, a North Dakota corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | |
| Defendants. | |

---

Defendant, Indian Harbor Insurance Company ("Indian Harbor"), by its attorneys, hereby answers the Complaint of Plaintiffs U.S. Bancorp and U.S. Bank National Association (collectively, "U.S. Bank") as follows:

## NATURE OF ACTION

1. Indian Harbor admits that this is an insurance coverage action, but denies that it breached its obligation under any insurance policy issued by Indian Harbor to U.S. Bank or is obligated to pay any damages to U.S. Bank. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1.

2. Indian Harbor admits that a number of lawsuits were consolidated in *In re: Checking Account Litigation*, No. 09-MD-02036 in the Southern District of Florida (the "Underlying Actions"), the record for which, in its entirety, speaks for itself. Indian Harbor

otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.    Indian Harbor admits that U.S. Bank is an insured under certain policies issued by Indian Harbor, which in their entirety speak for themselves as to their terms, conditions and limitations.  Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to ACE in paragraph 3.  Indian Harbor otherwise avers that the remainder of paragraph 3 is a conclusion of law to which a response is not required.

4.    Indian Harbor avers that paragraph 4 is a conclusion of law to which a response is not required.

5.    Indian Harbor admits that U.S. Bank informed Indian Harbor that U.S. Bank was engaged in settlement discussions with plaintiffs in the Underlying Actions to resolve the Underlying Actions and U.S. Bank further informed Indian Harbor that the parties in the Underlying Actions have agreed to resolve the Underlying Actions through settlement.  Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to ACE in paragraph 5.  Indian Harbor otherwise denies the allegations contained in paragraph 5.

6.    Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6.

7.    Indian Harbor avers that paragraph 7 is a conclusion of law to which a response is not required.  Indian Harbor otherwise denies the remaining allegations contained in paragraph 7.

8.    Indian Harbor admits that it has denied coverage for the settlement of the Underlying Actions.  Indian Harbor denies knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations as to ACE in paragraph 8.  Indian Harbor avers that the remaining allegations in paragraph 8 are conclusions of law to which a response is not required.

9.   Indian Harbor denies that it must, based on its contractual obligations, pay any amount associated with the defense and settlement of the Underlying Actions.  Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to ACE in paragraph 9.  Indian Harbor otherwise admits the allegations in paragraph 9.

## THE PARTIES

10.   Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.

11.   Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11.

12.   Indian Harbor admits the allegations in paragraph 12.

13.   Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13.

## CHOICE OF LAW

14.   Indian Harbor admits that it issued certain insurance policies, which in their entirety speak for themselves as to their terms, conditions and limitations.  Indian Harbor avers that the remaining allegations in paragraph 14 are conclusions of law to which a response is not required.

**JURISDICTION AND VENUE**

15. Because Indian Harbor denies knowledge or information sufficient to form a belief as to the citizenship of its co-defendant, it denies having sufficient knowledge or information to admit the truth of the allegations contained in paragraph 15.

16. Indian Harbor admits that venue is proper in this District.

**GENERAL ALLEGATIONS**

**The Primary Insurance Coverage Sold by Indian Harbor**

17. Indian Harbor admits that it issued the Indian Harbor Policy No. ELU099392-07D (the "07-08 Primary Policy") to U.S. Bancorp, which in its entirety speaks for itself, as to its terms, conditions and limitations. Indian Harbor further admits that Exhibit A to the Complaint appears to be a true and correct copy of the 07-08 Primary Policy.

18. Indian Harbor admits that it issued Indian Harbor Policy No. ELU106015-08D (the "08-09 Primary Policy") to U.S. Bancorp, which in its entirety speaks for itself, as to its terms, conditions and limitations. Indian Harbor further admits that Exhibit B to the Complaint appears to be a true and correct copy of the 08-09 Primary Policy.

19. Indian Harbor admits that it issued the 07-08 Primary Policy and 08-09 Primary Policy (collectively, the "Indian Harbor Primary Policies") to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and limitations. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Indian Harbor admits that it issued the Indian Harbor Primary Policies to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and

limitations. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Indian Harbor admits that it issued the Indian Harbor Primary Policies to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and limitations. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     Indian Harbor admits that it issued the Indian Harbor Primary Policies to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and limitations. Indian Harbor Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Indian Harbor admits that it issued the Indian Harbor Primary Policies to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and limitations.

24.     Indian Harbor avers that the allegations in paragraph 24 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 24.

25.     Indian Harbor admits that it issued the Indian Harbor Primary Policies to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and limitations. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     Indian Harbor admits that it issued the Indian Harbor Primary Policies to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and

limitations. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Indian Harbor admits that it issued the Indian Harbor Primary Policies to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and limitations. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Indian Harbor avers that the allegations in paragraph 28 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 28.

29. Indian Harbor admits that it issued the Indian Harbor Primary Policies to U.S. Bancorp, which in their entirety speak for themselves as to their terms, conditions and limitations. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Indian Harbor avers that the allegations in paragraph 30 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 30.

31. Indian Harbor denies the allegations in paragraph 31.

32. Indian Harbor avers that the allegations in paragraph 32 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 32.

33. Indian Harbor avers that the allegations in paragraph 33 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 33.

34. Indian Harbor avers that the allegations in paragraph 34 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 34.

35. Indian Harbor avers that the allegations in paragraph 35 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 35.

36. Indian Harbor admits that U.S. Bank has paid in full all premiums due under the Indian Harbor Primary Policies. Indian Harbor avers that the remaining allegations in paragraph 36 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 36.

37. Indian Harbor avers that the allegations in paragraph 37 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 37.

38. Indian Harbor avers that the allegations in paragraph 38 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 38.

**The Excess Insurance Coverage Sold by ACE**

39. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39.

40. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40.

41. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41.

42.     Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42.

**The Underlying Actions**

43.     Indian Harbor admits that *Bensimon v. U.S. Bancorp* was filed in the Central District of California, the record for which, in its entirety, speaks for itself.  Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43.

44.     Indian Harbor admits the allegations in paragraph 44.

45.     Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45.

46.     Indian Harbor admits that the Underlying Actions were filed, the record for which, in its entirety, speaks for itself.  Indian Harbor otherwise denies the allegations in paragraph 46.

47.     Indian Harbor avers that the allegations in paragraph 47 are conclusions of law to which a response is not required.  To the extent that a response is required, Indian Harbor denies the allegations in paragraph 47.

48.     Indian Harbor avers that the allegation in paragraph 48 is a conclusion of law to which a response is not required.  To the extent that a response is required, Indian Harbor denies the allegation in paragraph 48.

49.     Indian Harbor avers that the allegations in paragraph 49 are conclusions of law to which a response is not required.  To the extent that a response is required, Indian Harbor denies the allegation in paragraph 49.

50.     Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50.

51.     Indian Harbor admits that U.S. Bank informed Indian Harbor that it had made settlement offers in excess of $25 million to resolve the Underlying Actions. Indian Harbor otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51.

52.     Indian Harbor admits that it agreed that U.S. Bank could negotiate a settlement of the Underlying Action up to $45 million less any defense expenses then incurred, without being in breach of the "consent" clause contained in Section 4 of the 07-08 Primary Policy. Indian Harbor otherwise denies the allegations in the paragraph 52.

53.     Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 53.

54.     Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 54.

55.     Indian Harbor avers that the allegation in paragraph 55 is a conclusion of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegation in paragraph 55.

56.     Indian Harbor avers that the allegations in paragraph 56 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56.

57. Indian Harbor avers that the allegations in paragraph 57 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 57.

58. Indian Harbor avers that the allegations in paragraph 58 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor admits that it has not provided coverage for the Underlying Actions, but otherwise denies the allegations in paragraph 58.

**Indian Harbor's Alleged Refusal To Pay U.S. Bank's Covered Loss**

59. Indian Harbor admits that it has taken the position that the payments for which U.S. Bank seeks coverage in the Underlying Action do not constitute "Loss" and that Indian Harbor has not provided coverage for the Underlying Actions. Indian Harbor otherwise denies the allegations in paragraph 59.

60. Indian Harbor avers that the allegations in paragraph 60 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 60.

61. Indian Harbor avers that the allegations in paragraph 61 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 61.

62. Indian Harbor Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations is paragraph 62.

**ACE's Alleged Refusal To Pay U.S. Bank's Covered Loss**

63. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63.

64. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64.

65. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65.

66. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66.

## FIRST CAUSE OF ACTION

### (Breach of Contract for the Primary Policies)

67. Indian Harbor incorporates by reference its answers to the allegations in paragraph 1 through 66 as if fully set forth herein.

68. Indian Harbor avers that the allegations in paragraph 68 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 68.

69. Indian Harbor admits that it has denied coverage for costs in connection with the Underlying Actions but denies that in doing so it, in any way, breached its obligations under the Indian Harbor Primary Policies. Indian Harbor avers that the remaining allegations in paragraph 69 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 69.

70. Indian Harbor avers that the allegations in paragraph 70 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 70.

71. Indian Harbor avers that the allegations in paragraph 71 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 71.

## SECOND CAUSE OF ACTION

### (Breach of Contract for the Excess Policies)

72. Indian Harbor incorporates by reference its answers to the allegations in paragraph 1 through 71 as if fully set forth herein.

73. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73.

74. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74.

75. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75.

76. Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment Regarding the Policies)

77. Indian Harbor incorporates by reference its answers to the allegations in paragraph 1 through 76 as if fully set forth herein.

78. Indian Harbor admits that US Bank seeks a declaratory judgment and avers that the remaining allegations in paragraph 78 are conclusions of law to which a response is not required. To the extent that a response is required, Indian Harbor denies the allegations in paragraph 78.

79.     Indian Harbor admits that U.S. Bank has sought coverage in connection with the Underlying Actions, denies that it has breached any obligation under the Indian Harbor Primary Policies and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 79.

80.     Indian Harbor denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80.

81.     Indian Harbor admits that it has denied coverage for the Underlying Action, but otherwise denies the allegations in paragraph 81 with respect to it and its policies.  Indian Harbor further denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 81.

82.     Indian Harbor avers that the allegations in paragraph 82 are conclusions of law to which a response is not required.  To the extent that a response is required, Indian Harbor denies the allegations in paragraph 82.

83.     Indian Harbor denies that U.S. Bank is entitled to any relief as to Indian Harbor and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83.

## FIRST AFFIRMATIVE DEFENSE

84.     The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

85.     Sections 1. of the Indian Harbor Primary Policies only provide coverage in connection with certain Wrongful Acts while Performing Professional Services including failure to perform Professional Services.  As a result of these limitations, coverage is not available for U.S. Bank.

**THIRD AFFIRMATIVE DEFENSE**

86. Sections 3. of the Indian Harbor Primary Policies, as amended by Endorsements No. 7, and Item 5. of the Declarations provide that Indian Harbor shall only be liable for those amounts payable under the Indian Harbor Primary Policies that are in excess of a separate $25,000,000 deductible (the "Deductible") applicable to each of the Indian Harbor Primary Policies. This Deductible applies to each Loss, as defined the Indian Harbor Primary Policies, and is the responsibility of U.S. Bank. As a result of this Deductible, any recovery to which U.S. Bank otherwise might be entitled is limited or foreclosed in its entirety.

**FOURTH AFFIRMATIVE DEFENSE**

87. Sections 3. of the Indian Harbor Primary Policies provide that all Loss arising from the same Wrongful Act and all Interrelated Wrongful Acts of the Insureds shall be deemed one Loss, and such Loss shall be deemed to have originated in the earliest Policy Period in which a Claim is first made against the Insureds alleging any such Wrongful Act or Interrelated Wrongful Acts.

**FIFTH AFFIRMATIVE DEFENSE**

88. Sections 10. of the Indian Harbor Primary Policies define Loss to exclude, in relevant part: certain uninsurable fines or penalties imposed by law or matters which are uninsurable under the law pursuant to which the Indian Harbor Primary Policies are construed.

89. Matters uninsurable by law include disgorgement, restitution and/or ill-gotten gain. The claim for which U.S. Bank seeks coverage is does not meet the definition of Loss, or is in whole or at least in part, uninsurable under the law.

**SIXTH AFFIRMATIVE DEFENSE**

90.     Section 11. of the Indian Harbor Primary Policies provide for allocation between covered and uncovered Loss. If and to the extent U.S. Bank otherwise might be entitled to any coverage, there must be such an allocation between the covered and uncovered parts of such Loss.

**SEVENTH AFFIRMATIVE DEFENSE**

91.     U.S. Bank's claims are barred in whole or in part by the doctrines of waiver, estoppel and/or laches.

**EIGHTH AFFIRMATIVE DEFENSE**

92.     The settlement of the Underlying Actions has not yet been approved such that an actual and justiciable controversy does not exist.

**NINTH AFFIRMATIVE DEFENSE**

93.     Indian Harbor reserves the right to assert and hereby provides notice that it intends to rely upon any other defense or defenses that may become available or may appear during discovery proceedings or otherwise including without limitations any defense that arises as a result of any findings, conclusions or any other actions taken in the Underlying Actions or in the subject action, and further reserves its right to amend its answer to raise such defenses.

WHEREFORE, defendant Indian Harbor Insurance Company demands judgment in its favor and such other and further relief as is just and proper.

Dated: June 10, 2013

                                                          LAPP, LIBRA, THOMSON, STOEBNER
                                                            &amp; PUSCH, CHARTERED

                                                            Richard T. Thomson (#109538)
                                                            Tyler D. Candee (#0386598)
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 338-5815
Fax: (612) 338-6651
Email: rthomson@lapplibra.com
Email: tcandee@lapplibra.com

                                                             -and-

BOUNDAS, SKARZYNSKI,
 WALSH & BLACK LLC

By:   /s/ James Sandnes
    James Sandnes (admitted *pro hac vice*)
    Tammy Yuen (admitted *pro hac vice*)
One Battery Park Plaza, 32nd Floor
New York, New York 10004
Telephone: (212) 820-7700
Email:   jsandnes@bswb.com

*Attorneys for Defendant, Indian Harbor Insurance Company*