## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**U.S. BANCORP, a Delaware corporation,
and U.S. BANK NATIONAL
ASSOCIATION, a national banking
association,**

**Plaintiff,**

**vs.**

**INDIAN HARBOR INSURANCE
COMPANY, a North Dakota corporation,
and ACE AMERICAN INSURANCE
COMPANY, a Pennsylvania corporation,**

**Defendants.**

Case No:  **12-cv-03175-PAM-JSM**

**ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT ACE
AMERICAN INSURANCE
COMPANY**

---

Defendant ACE American Insurance Company ("ACE"), by its undersigned

attorneys, for its Answer and Affirmative Defenses to the Complaint of Plaintiffs U.S.

Bancorp and U.S. Bank National Association (collectively, "U.S. Bank"), hereby denies

each and every allegation, matter and thing contained therein except as hereinafter

expressly admitted, qualified or otherwise stated, and further answers the Complaint as

follows:

### NATURE OF ACTION

1.      ACE admits that this is an insurance coverage action.  ACE denies that it

breached any contract or failed to honor its obligations under any insurance policy.  ACE

further denies that U.S. Bank is entitled to any relief whatsoever.  ACE lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 1 and, therefore, neither admits nor denies them, but demands strict proof thereof.

2.      ACE admits that a number of lawsuits were consolidated in the action styled *In re: Checking Account Litigation,* no. 09-md-02036 in the United States District Court for the Southern District of Florida (the "Underlying Actions").  By way of further answer, ACE states that the written record in that action speaks for itself and denies the allegations in paragraph 2 to the extent that they are inconsistent with the record in the Underlying Actions.  ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and, therefore, neither admits nor denies them, but demands strict proof thereof.

3.      ACE admits that U.S. Bancorp is a Named Insured under certain policies issued by ACE.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 3 to the extent that they are inconsistent with the documents as written.  ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 that are directed at XL and, therefore, neither admits nor denies them, but demands strict proof thereof.  The remaining allegations in paragraph 3 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the remaining allegations in paragraph 3.

4.     The allegations in paragraph 4 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 4.

5.     ACE admits that U.S. Bank advised ACE that U.S. Bank was engaged in settlement discussions with plaintiffs in the Underlying Actions and that the parties had agreed to resolve the Underlying Actions.  ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 that are directed at XL and, therefore, neither admits nor denies them, but demands strict proof thereof. ACE denies the remaining allegations in paragraph 5.

6.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, neither admits nor denies them, but demands strict proof thereof.

7.     The allegations in paragraph 7 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 7.

8.     ACE admits that it contends that no coverage exists under any policy issued by ACE for the Underlying Actions.  ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 that are directed at XL and, therefore, neither admits nor denies them, but demands strict proof thereof.  The remaining allegations in paragraph 8 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the remaining allegations in paragraph 8.

9.     ACE admits that U.S. Bank seeks a declaration in this coverage action. ACE denies that U.S. Bank is entitled to the relief it seeks.

## THE PARTIES

10.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, neither admits nor denies them, but demands strict proof thereof.

11.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, neither admits nor denies them, but demands strict proof thereof.

12.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, neither admits nor denies them, but demands strict proof thereof.

13.     ACE admits the allegations in paragraph 13.

14.     The allegations in paragraph 14 constitute conclusions of law and, therefore, require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 14.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 14 to the extent that they are inconsistent with the documents as written.

15.     The allegations in paragraph 15 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 15 and, therefore, neither admits nor denies them, but demands strict proof thereof.

16.    The allegations in paragraph 16 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, therefore, neither admits nor denies them, but demands strict proof thereof.

## GENERAL ALLEGATIONS

### The Primary Insurance Coverage Sold by XL

17.    The allegations in paragraph 17 are not directed at ACE and therefore require no response.  To the extent a response is deemed to be required, ACE admits, based on information and belief, that Exhibit A to the Complaint appears to be a true and correct copy of Indian Harbor Policy No. ELU099392-07D.  By way of further answer, ACE states that Policy No. ELU099392-07D is a written document that speaks for itself and is the best evidence of its contents and denies the allegations in paragraph 17 to the extent that they are inconsistent with the document as written.  ACE denies the remaining allegations in paragraph 17.

18.    The allegations in paragraph 18 are not directed at ACE and therefore require no response.  To the extent a response is deemed to be required, ACE admits, based on information and belief, that Exhibit B to the Complaint appears to be a true and correct copy of Indian Harbor Policy No. ELU106015-08D.  By way of further answer, ACE states that Policy No. ELU106015-08D is a written document that speaks for itself

and is the best evidence of its contents and denies the allegations in paragraph 18 to the extent that they are inconsistent with the document as written.  ACE denies the remaining allegations in paragraph 18.

19.    ACE admits that the quoted language in paragraph 19 appears in the documents attached as Exhibit A and B to the Complaint.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 19 to the extent that they are inconsistent with the documents as written.   The remaining allegations in paragraph 19 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and, therefore, neither admits nor denies them, but demands strict proof thereof.

20.    ACE admits that the quoted language in paragraph 20 appears in the documents attached as Exhibit A and B to the Complaint.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 20 to the extent that they are inconsistent with the documents as written.  The remaining allegations in paragraph 20 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and, therefore, neither admits nor denies them, but demands strict proof thereof.

21.     ACE admits that the quoted language in paragraph 21 appears in the document attached as Exhibit B to the Complaint.  ACE denies that the quoted language appears in the document attached as Exhibit A to the Complaint.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 21 to the extent that they are inconsistent with the documents as written.  The remaining allegations in paragraph 21 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and, therefore, neither admits nor denies them, but demands strict proof thereof.

22.     ACE admits that the quoted language in paragraph 22 appears in the documents attached as Exhibit A and B to the Complaint.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 22 to the extent that they are inconsistent with the documents as written.  The remaining allegations in paragraph 22 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and, therefore, neither admits nor denies them, but demands strict proof thereof.

23.     ACE admits that the quoted language in paragraph 23 appears in the documents attached as Exhibit A and B to the Complaint.  By way of further answer,

ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 23 to the extent that they are inconsistent with the documents as written. The remaining allegations in paragraph 23 constitute legal conclusions and therefore require no response. To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and, therefore, neither admits nor denies them, but demands strict proof thereof.

24.     The allegations in paragraph 24 constitute legal conclusions and therefore require no response. To the extent a response is deemed to be required, ACE denies the allegations in paragraph 24.

25.     ACE admits that the quoted language in paragraph 25 appears in the document attached as Exhibit B to the Complaint. ACE denies that the quoted language appears in the document attached as Exhibit A to the Complaint. By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 25 to the extent that they are inconsistent with the documents as written. The remaining allegations in paragraph 25 constitute legal conclusions and therefore require no response. To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and, therefore, neither admits nor denies them, but demands strict proof thereof.

26.     ACE admits that the quoted language in paragraph 26 appears in the documents attached as Exhibit A and B to the Complaint.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 26 to the extent that they are inconsistent with the documents as written.  The remaining allegations in paragraph 26 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and, therefore, neither admits nor denies them, but demands strict proof thereof.

27.     ACE admits that the quoted language in paragraph 27 appears in the documents attached as Exhibit A and B to the Complaint.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 27 to the extent that they are inconsistent with the documents as written.  The remaining allegations in paragraph 27 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and, therefore, neither admits nor denies them, but demands strict proof thereof.

28.     The allegations in paragraph 28 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 28.

29.     ACE admits that the quoted language in paragraph 29 appears in the documents attached as Exhibit A and B to the Complaint.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 29 to the extent that they are inconsistent with the documents as written.   The remaining allegations in paragraph 29 constitute legal conclusions and therefore require no response.   To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and, therefore, neither admits nor denies them, but demands strict proof thereof.

30.     The allegations in paragraph 30 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 30.

31.     ACE denies the allegations in paragraph 31.

32.     The allegations in paragraph 32 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 32.

33.     The allegations in paragraph 33 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 33.

34.     The allegations in paragraph 34 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 34.

35.     The allegations in paragraph 35 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 35.

36.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, therefore, neither admits nor denies them, but demands strict proof thereof.

37.     The allegations in paragraph 37 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 37.

38.     The allegations in paragraph 38 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 38.

**The Excess Insurance Coverage sold by ACE**

39.     ACE admits that it issued Policy No. DOX G21660085 005 to Named Insured U.S. Bancorp and that Exhibit C to the Complaint appears to be a true and correct copy of that policy.  By way of further answer, ACE states that Policy No. DOX G21660085 005 is a written document that speaks for itself and is the best evidence of its contents and denies the allegations in paragraph 39 to the extent that they are inconsistent with the document as written.

40.     ACE admits that it issued Policy No. DOX G21660085 006 to Named Insured U.S. Bancorp.  ACE denies that Exhibit D to the Complaint is a true and correct copy of that policy in that it is missing Endorsement Number 4 (Revised).  By way of

further answer, ACE states that Policy No. DOX G21660085 006 is a written document that speaks for itself and is the best evidence of its contents and denies the allegations in paragraph 40 to the extent that they are inconsistent with the document as written.  A true and correct copy of Policy No. DOX G21660085 006 is attached hereto as Exhibit A.

41.    The allegations in paragraph 41 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 41.

42.    ACE admits that the quoted language in paragraph 42 appears in the policies attached as Exhibit C and D to the Complaint.  By way of further answer, ACE states that the policies are written documents that speak for themselves and are the best evidence of their contents and denies the allegations in paragraph 42 to the extent that they are inconsistent with the document as written.  The remaining allegations in paragraph 42 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the remaining allegations in paragraph 42.

**The Underlying Actions**

43.    ACE admits that the action styled *Bensimon v. U. S. Bancorp* was filed in the United States District Court in the Central District of California.  By way of further answer, ACE states that the written record in that action speaks for itself and denies the allegations in paragraph 43 to the extent that they are consistent with the record in that action.  ACE lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in paragraph 43 and, therefore, neither admits nor denies them, but demands strict proof thereof.

44.     ACE admits the allegations in paragraph 44.

45.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, therefore, neither admits nor denies them, but demands strict proof thereof.

46.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, therefore, neither admits nor denies them, but demands strict proof thereof.  By way of further answer, ACE states that the written records in the Underlying Actions speak for themselves and denies the allegations in paragraph 46 to the extent that they are consistent with the records in those actions.

47.     The allegations in paragraph 47 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 47.

48.     The allegations in paragraph 48 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 48.

49.     The allegations in paragraph 49 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 49.

50.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and, therefore, neither admits nor denies them, but

demands strict proof thereof.   By way of further answer, ACE states that the written records in the Underlying Actions speak for themselves and denies the allegations in paragraph 50 to the extent that they are consistent with the records in those actions.

51.     ACE admits that U.S. Bank advised ACE that U.S. Bank was engaged in settlement discussions with plaintiffs in the Underlying Actions.   ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and, therefore, neither admits nor denies them, but demands strict proof thereof.

52.     The allegations in paragraph 52 are not directed at ACE and therefore require no response.   To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and, therefore, neither admits nor denies them, but demands strict proof thereof.   ACE denies the remaining allegations in paragraph 52.

53.     ACE admits that it agreed that U.S. Bank could negotiate a settlement of the Underlying Action up to $60 million, less any defense expenses then incurred, without being in breach of the "consent" clauses contained in the 2007-08 Primary Policy and 2007-08 ACE Policy, while reserving all other rights.   ACE denies the remaining allegations in paragraph 53.

54.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and, therefore, neither admits nor denies them, but demands strict proof thereof.

55.     The allegations in paragraph 55 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and, therefore, neither admits nor denies them, but demands strict proof thereof.

56.     The allegations in paragraph 56 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and, therefore, neither admits nor denies them, but demands strict proof thereof.  By way of further answer, ACE states that the written records in the Underlying Actions speak for themselves and denies the allegations in paragraph 56 to the extent that they are consistent with the records in those actions.

57.     The allegations in paragraph 57 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 57.

58.     The allegations in paragraph 58 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE admits that it has not paid any amounts under any policy for the Underlying Actions, but denies the allegations in paragraph 58.

## XL's Alleged Refusal To Pay U.S. Bank's Covered Loss

59.     The allegations in paragraph 59 are not directed at ACE and, therefore, no response is required.  To the extent a response is deemed to be required, ACE admits, on

information and belief, that Indian Harbor has taken the position that the payments made in connection with the Underlying Actions for which U.S. Bank seeks coverage do not constitute "Loss."  ACE denies the remaining allegations in paragraph 59.

60.     The allegations in paragraph 60 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 60.

61.     The allegations in paragraph 61 constitute legal conclusions and are not directed at ACE, and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 61.

62.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and, therefore, neither admits nor denies them, but demands strict proof thereof.

**ACE's Alleged Refusal To Pay U.S. Bank's Covered Loss**

63.     ACE admits that it has not paid any amounts under any policy in connection with the Underlying Actions and that it contends that no coverage exists for the Underlying Actions under any policy issued by ACE.  ACE denies the remaining allegations in paragraph 63.

64.     The allegations in paragraph 64 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 64.

65.     The allegations in paragraph 65 constitute legal conclusions and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 65.

66.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and, therefore, neither admits nor denies them, but demands strict proof thereof.

## FIRST CAUSE OF ACTION

### (Breach of Contract for the Primary Policies)

67.     ACE incorporates its answers to the allegations in paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.     The allegations in paragraph 68 constitute legal conclusions and are not directed at ACE, and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 68.

69.     The allegations in paragraph 69 constitute legal conclusions and are not directed at ACE, and therefore require no response.  To the extent a response is deemed to be required, ACE admits, on information and belief that Indian Harbor has denied coverage for the Underlying Actions.  ACE denies the remaining allegations in paragraph 69.

70.     The allegations in paragraph 70 constitute legal conclusions and are not directed at ACE, and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 constitute legal conclusions and are not directed at ACE, and therefore require no response.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 71.

## SECOND CAUSE OF ACTION

### (Breach of Contract for the Excess Policies)

72.     ACE incorporates its answers to the allegations in paragraphs 1 through 71 of the Complaint as though fully set forth herein.

73.     The allegations in paragraph 73 constitute legal conclusions and, therefore, no response is required.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 73.

74.     The allegations in paragraph 74 constitute legal conclusions and, therefore, no response is required.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 74.

75.     The allegations in paragraph 75 constitute legal conclusions and, therefore, no response is required.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 75.

76.     The allegations in paragraph 76 constitute legal conclusions and, therefore, no response is required.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 76.

### THIRD CAUSE OF ACTION

**(Declaratory Judgment Regarding the Policies)**

77.     ACE incorporates its answers to the allegations in paragraphs 1 through 76 of the Complaint as though fully set forth herein.

78.     ACE admits that U.S. Bank seeks a declaratory judgment.  The remaining allegations in paragraph 78 constitute legal conclusions and, therefore, no response is required.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 78.

79.     The allegations in paragraph 79 are not directed at ACE and, therefore, no response is required.  To the extent a response is deemed to be required, ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and, therefore, neither admits nor denies them, but demands strict proof thereof.

80.     ACE admits that U.S. Bank has sought coverage from ACE in connection with the Underlying Actions.  The remaining allegations in paragraph 80 constitute legal conclusions and, therefore, no response is required.  To the extent a response is deemed to be required, ACE denies the remaining allegations in paragraph 80.

81.     ACE admits that it contends that no coverage exists for Underlying Actions under any policy issued by ACE.  On information and belief ACE admits that Indian Harbor has denied coverage for the Underlying Actions.  ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and, therefore, neither admits nor denies them, but demands strict proof thereof.

82.     The allegations in paragraph 82 constitute legal conclusions and, therefore, no response is required.  To the extent a response is deemed to be required, ACE denies the allegations in paragraph 82.

83.     ACE denies that U.S. Bank is entitled to the relief sought in paragraph 83.

WHEREFORE, ACE denies that U.S. Bank is entitled to the relief sought in the "WHEREFORE" clause of the Complaint, demands judgment dismissing the Complaint and such other further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

U.S. Bank's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

### Third Affirmative Defense

U.S. Bank's claims are barred on the grounds that no actual and justiciable controversy exists.

### Fourth Affirmative Defense

Coverage for the Underlying Actions is precluded, in whole or in part, under Section 1. of the Primary Policies.

## Fifth Affirmative Defense

Coverage for the Underlying Actions is precluded, in whole or in part, under Section 3. of the Primary Policies, as amended by Endorsement No. 7 and Item 5. of the Declarations.

## Sixth Affirmative Defense

Coverage for the Underlying Actions is precluded, in whole or in part, under Section 10. of the Primary Policies, as amended by Endorsement No. 11.

## Seventh Affirmative Defense

The payments for which U.S. Bank seeks coverage in connection with the Underlying Actions are, in whole or in part, uninsurable as a matter of law.

## Eighth Affirmative Defense

Coverage for the Underlying Actions is precluded, in whole or in part, under Section 11 of the Primary Policies.

## Ninth Affirmative Defense

Coverage for the Underlying Actions is precluded, in whole or in part, under the ACE Excess Policies, Section II.A., as amended by the UNDERLYING INSURER OR INSUREDS LIABLE TO PAY Endorsement.

## Tenth Affirmative Defense

Coverage for the Underlying Actions is precluded, in whole or in part, under the ACE Excess Policies, Section II.B., as amended by the UNDERLYING INSURER OR INSUREDS LIABLE TO PAY Endorsement.

**Eleventh Affirmative Defense**

Coverage is precluded, in whole or in part, under the ACE Excess Policies, Section IV.C., as set forth in the UNDERLYING INSURER OR INSUREDS LIABLE TO PAY Endorsement.

**Twelfth Affirmative Defense**

Coverage is precluded, in whole or in part, under Policy No. DOX G21660085 006, Section II.D., as set forth in the AMEND FOLLOWED POLICY, MULTIPLE POLICIES Endorsement.

**Thirteenth Affirmative Defense**

Coverage for the Underlying Actions is precluded, in whole or in part, under Section II.C. of the ACE Excess Policies.

**Fourteenth Affirmative Defense**

Coverage for the Underlying Actions is precluded, in whole or in part, under Section IV.A. of the ACE Excess Policies.

**Fifteenth Affirmative Defense**

ACE hereby adopts and incorporates by reference any other applicable affirmative defense raised in response to the Counterclaim by any other party.

**Sixteenth Affirmative Defense**

ACE reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable rules.

Respectfully submitted,

s/Alec J. Beck
Alec J. Beck, (Bar#0201133)
FORD & HARRISON LLP
225 South Sixth Street, Suite 3150
Minneapolis, MN 55402
Telephone: 612.486.1629
Fax: 612.486.1701
E-mail: abeck@fordharrison.com

Tiffany Saltzman-Jones (admitted *pro hac vice*)
WALKER WILCOX MATOUSEK LLP
1 N. Franklin Street, Suite 3200
Chicago, IL 60606
Telephone: 312.244.6700
Fax: 312.244.6800
E-mail: tsj@wwmlawyers.com

***ATTORNEYS FOR DEFENDANT ACE
 AMERICAN INSURANCE COMPANY***

MINNEAPOLIS:31388.1