UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. BANCORP and U.S. BANK NATIONAL ASSOCIATION,<br><br>      Plaintiffs,<br><br>v.<br><br>INDIAN HARBOR INSURANCE COMPANY and ACE AMERICAN INSURANCE COMPANY,<br><br>      Defendants. | Case No.: 12-cv-03175 PAM/JSM<br><br>RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on July 30, 2013, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for August 27, 2013, before the United States Magistrate Judge Mayeron in Room 632, of the U.S. Courthouse in, St. Paul, Minnesota. The parties request that the pretrial be held by telephone.

(a) Description of the Case.

   (1) Concise factual summary of plaintiff's claims:

      This is an insurance coverage action in which U.S. Bancorp ("U.S. Bank") seeks a declaration of its rights under a Bankers Professional Liability Policy sold by Indian Harbor Insurance Company ("Indian Harbor") and an Excess Policy sold by ACE American Insurance Company ("ACE"). U.S. Bank also seeks damages from Indian Harbor and ACE for breach of contract resulting from Defendants' failure to honor their obligations under the insurance contracts at issue.

1

(2) Concise factual summary of defendants' claims/defenses:

Plaintiffs claim the Insurance Policies issued by the Defendant insurers provide coverage for payments they agreed to make in settlement of several purported class action lawsuits (the "Underlying Actions") that have been consolidated into a multidistrict litigation styled as *In re: Checking Account Overdraft Litigation,* No. 09-MD-02036 in the United States District for the Southern District of Florida. In that case, U.S. Bank, N.A., (a Plaintiff in this action) is accused of illegally assessing overdraft fees to its customers' checking accounts. Under the terms of a pending class action settlement, the Plaintiff is agreeing to pay a portion of those overdraft fees back to the customers.

As a result of a number of terms, limitations and conditions on the insurance coverage provided in the Policies and as a matter of applicable law, the Defendant insurers deny that coverage exists under the Policies for Plaintiffs' costs in defending the Underlying Actions or the amounts Plaintiffs have agreed to pay to settle the Underlying Actions. In particular, but without limitation, Defendants base their denial of coverage on the fact that the settlement involves Plaintiffs returning allegedly improperly collected overdraft fees charged to their customers. It is settled law that an insured suffers no "Loss" when returning property to resolve claims that he wrongfully took that property. Moreover it is likewise settled law that obligations of disgorgement are uninsurable as a matter of law and public policy. Additionally, the Defendant insurers' Answers contain a number of other substantial defenses or limitations on coverage.

(3) Statement of jurisdiction (including statutory citations):

2

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship of the parties, as U.S. Bank is a Federally chartered bank with its principal place of business in Minneapolis, Minnesota; Indian Harbor is a North Dakota corporation with its principal place of business in Stamford, Connecticut; and ACE is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania; and the amount in controversy exceeds $75,000.

(4) Summary of factual stipulations or agreements: [none].

(5) A jury trial has been timely demanded by Plaintiff.

(6) The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

(b) Pleadings.

Plaintiff's Complaint and Defendants' Answers all have been filed and served and there are no plans by any party to amend pleadings or add additional parties to the action at this time.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before   August 13, 2013  .

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by   [Not Applicable]  .

(3) The parties must commence fact discovery procedures in time to be completed by   March 31, 2014  .

3

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

   (A) __20__ interrogatories per party;

   (B) __35__ document requests per party; and

   (C) __12__ factual depositions per party, but no more than 20 per side.

(d) Expert Discovery.

   (1) The parties anticipate that they <u>will</u> require expert witnesses at the time of trial.

      (A) The plaintiff anticipates calling __1__ expert in the field of __personal lines banking__.

      (B) The defendant anticipates calling __0 to 2__ experts in the fields of: __banking and/or damages__.

   (2) The parties propose that the Court establish the following plan for expert discovery:

      (A) Initial experts.

         (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before __March 1, 2014__.

         (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before __April 30, 2014__.

      (B) Rebuttal experts.

         (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before __May 15, 2014__.

         (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before __June 30, 2014__.

   (3) All expert discovery must be completed by __July 15, 2014__.

(e) Other Discovery Issues.

   (1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a proposed protective order in the form prescribed in LR Form 6.

(2) Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or issues:

    Documents responsive to the parties document requests will be produced in paper or pdf form.  Should the receiving party have a reasonable need to review particular documents in native form, the receiving party will request a copy in native form.  The producing party will produce the requested document(s) in native form unless such production is unreasonable or unduly burdensome.  Any disputes regarding the need to produce documents in native form will be raised with the Court by the party requesting the production.

(3) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production and request the Court to include the following agreement in the scheduling order:

    The inadvertent production or disclosure of any information or documents protected by the attorney-client privilege, the attorney work product doctrine, a joint defense privilege or any other applicable privilege ("Inadvertently Disclosed Information") shall not constitute, or be considered as a factor suggesting a waiver or impairment of any claims of such privilege or protection.  Pursuant Federal Rule of Civil Procedure 26 (b)(5)(B), following any production of Inadvertently Disclosed Information, the disclosing party may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is

resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The disclosing party must preserve the information until the claim is resolved.

(f) Proposed Motion Schedule.

   The parties propose the following deadlines for filing motions:

   (1) Motions seeking to join other parties must be filed and served by  December 31, 2013 .

   (2) Motions seeking to amend the pleadings must be filed and served by  March 1, 2014 .

   (3) All other non-dispositive motions must be filed and served by  March 31, 2014 .

   (4) All dispositive motions must be filed and served by  April 30, 2014 .

(g) Trial-Ready Date.

   (1) The parties agree that the case will be ready for trial on or after  September 1, 2014 .

   (2) The parties propose that the final pretrial conference be held on or before August 15, 2014.

(h) Insurance Carriers/Indemnitors.

   List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.  [Not applicable].

(i) Settlement.

   (1) The parties have discussed settlement before the initial pretrial conference, including an exchange of settlement demands and offers by U.S. Bank and Indian Harbor.

   (2) The parties propose that a settlement conference be scheduled to take place before  July 15, 2014 .

(3) The parties <u>have</u> discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend that the parties arrange for a private mediation to be convened no less than two months prior to trial.

(j) Trial by Magistrate Judge.

The parties <u>have not</u> agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Date: August 13, 2013          By:   LARSON • KING, LLP

        /s/ John M. Bjorkman
John M. Bjorkman (209831)
Patrick J. Boley (275529)
2800 Wells Fargo Place
30 East Seventh Street
Saint Paul, Minnesota 55101
Tel.: 651-312-6500
Fax: 651-312-6618
jbjorkman@larsonking.com
pboley@larsonking.com

ANDERSON KILL & OLICK, P.C.
William G. Passannante (*pro hac vice*)
Marshall Gilinsky (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 278-1000
Fax: (212) 278-1733
wpassannante@andersonkill.com
mgilinsky@andersonkill.com

*Counsel for Plaintiff*
*U.S. Bank National Association*

LAPP, LIBRA, THOMSON, STOEBNER
 & PUSCH, CHARTERED

By:   /s/ Richard T. Thomson
     Richard T. Thomson (#109538)
     Tyler D. Candee (#0386598)

120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 338-5815
Facsimile: (612) 338-6651

Email:  rthomson@lapplibra.com
Email:  tcandee@lapplibra.com

 -and-

BOUNDAS, SKARZYNSKI,
 WALSH & BLACK LLC

By: /s/ James Sandnes
  James Sandnes (admitted *pro hac vice*)
  Tammy Yuen (admitted *pro hac vice*)

One Battery Park Plaza, 32nd Floor
New York, New York 10004
Telephone:  (212) 820-7700
Facsimile: (212) 820-7740
Email:  jsandnes@bswb.com
Email:  tyuen@bswb.com

*Counsel for Defendant*
*Indian Harbor Insurance Company*

/s/ Alec J. Beck
Alec J. Beck, (Bar#201133)
FORD & HARRISON LIP
225 South Sixth St., Suite 3150
Minneapolis, MN 55402
Tel: 612.486.1629
Fax: 612.486.1701
e-mail: abeck@fordharrison.com

-and-

/s/  Tiffany S. Saltzman-Jones
Edward P. Gibbons (admitted *pro hac* vice)
Tiffany Saltzman-Jones (admitted *pro hac vice*)
WALKER WILCOX MATOUSEK LLP
1 N. Franklin Street, Suite 3200
Chicago, IL 60606
Tel: 312.244.6700
Fax: 312.244.6800
e-mail: tsj@wwmlawyers.com

*Counsel for Defendant ACE AMERICAN*
*INSURANCE COMPANY*