UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. BANK NATIONAL ASSOCIATION
and U.S. BANCORP,

CIVIL NO. 12-3175 (PAM/JSM)

    Plaintiffs,

v.

PRETRIAL SCHEDULING ORDER

INDIAN HARBOR INSURANCE
COMPANY and ACE AMERICAN
INSURANCE COMPANY,

    Defendants.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings and Disclosures

| | |
|---|---|
| Completed - | All pre-discovery disclosures required by Rule 26(a)(1), including production of documents have been completed. |
| December 31, 2013 - | Following the meet and confer required by L.R. 7.1, all motions which seek to amend to add additional parties must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed pleading. See L.R. 15.1. |
| February 1, 2014 - | Following the meet and confer required by L.R. 7.1, all motions which seek to amend or supplement the pleadings to add claims, defenses or counterclaims, must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed pleading. See L.R. 15.1. This deadline does not apply to motions which seek to amend the complaint to add a claim for punitive damages. Such motions must be brought on or before the fact non-dispositive motion deadline. |

Discovery and Nondispositive Motions

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be served on the following dates:

      April 1, 2014 -      By party with burden of persuasion
      June 15, 2014 -      By responding party

Full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be served on the following dates:

      May 30, 2014 -      By party with burden of persuasion
      July 30, 2014 -      By responding party
      No rebuttal by any party

March 31, 2014 -      All fact discovery of any kind shall be commenced in time to be completed by this date.

September 1, 2014 -      All expert discovery of any kind, including expert depositions, shall be commenced in time to be completed by this date.

April 14, 2014 -      All non-dispositive motions and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), including those which relate to **fact** discovery and any request for modification of this Pretrial Scheduling Order,[1] shall be served, filed and HEARD by this date.  In the event the Court is unable to schedule the hearing before this date because of conflicts in its own schedule, the hearing may take place after this date but the moving party's motion papers (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order) must be served and filed 14 days before this date and the responding party's response must be served and filed 7 days before this date.  Additionally, a reply memorandum not exceeding 1750 words (including footnotes) may be served, filed and delivered to the chambers of this Court no later than 4 days after filing of a response to the nondispositive motion so long as the total word count for the original and reply memorandum does not exceed 12,000 words.

---

[1] Parties which agree by stipulation to seek an order modifying this scheduling order may submit the stipulation to the Court without a motion and do not need to comply with L.R. 16.3(a) or L.R. 7.1(b) (i.e. the parties do not need to schedule a hearing to address the stipulation).

September 15, 2014 -   All non-dispositive motions and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), including those which relate to **expert** discovery shall be served, filed and HEARD by this date. In the event the Court is unable to schedule the hearing before this date because of conflicts in its own schedule, the hearing may take place after this date but the moving party's motion papers (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order) must be served and filed 14 days before this date and the responding party's response must be served and filed 7 days before this date. Additionally, a reply memorandum not exceeding 1750 words (including footnotes) may be served, filed and delivered to the chambers of this Court no later than 4 days after filing of a response to the nondispositive motion so long as the total word count for the original and reply memorandum does not exceed 12,000 words.

Prior to scheduling any non-dispositive motion and following the conference required by Fed. R. Civ. P. 37(a)(1) and L.R. 7.1(a), the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge.[2] To the extent that any non-dispositive motion is to be filed, such motion shall be

---

[2]   At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and L.R. 7.1(a) must have taken place, and all parties to the dispute must agree to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (e.g. the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do agree to use this informal resolution process, one of the parties shall contact Calendar Clerk Katherine Haagenson, 651-848-1190, to schedule the conference. The parties may (but are not required to do so) submit short letters, with or without a limited number of documents attached, prior to the conference to set forth their respective positions. The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge Janie S. Mayeron, (651) 848-1190.

All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1[3] and 37.1 as modified as follows: When a submission is filed on ECF, one paper hard copy, three-hole punched, of the entire submission shall be mailed or delivered to the undersigned in an envelope addressed to Katherine Haagenson, Calendar Clerk, contemporaneously with the submission being posted on ECF.

Dispositive Motions and Trial

All dispositive Motions shall be served and filed by November 1, 2014. All dispositive Motions shall be scheduled, filed and served in compliance with the Order regarding dispositive motion practices in cases assigned to Judge Magnuson by contacting his Calendar Clerk, Suzanne Ruiz at 651-848-1156. Counsel are given notice that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.

This case shall be ready for trial as of January 1, 2015. The parties estimate that trial of this Jury matter will take 5-8 days.

General

No more than 12 depositions shall be taken per each party, but not more than 20 per side.

No more than 20 interrogatories (including all subparts) shall be served by one party upon another party.

---

[3] On July 23, 2012, modifications to L.R. 7.1 became effective. L.R. 7.1(b)(2), governing nondispositive motions, provides that within 7 days after filing of a nondispositive motion and its supporting documents under LR 7.1(b)(1), the responding party must file and serve its memorandum of law and any affidavits and exhibits. Based on the new language of L.R. 7.1, responses to nondispositive motions are triggered by the filing of the motion (and not service of the motion). As all attorneys are required to be on the Court's ECF system for filing and service, they will immediately receive the motion when it is filed. Therefore, Fed. R. Civ. P. 6(d), which provides for an additional 3 days for electronic service of a pleading, has no application to the timing of the service and filing of responses.

No more than 35 document requests shall be served by one party on another party.

Each party may depose all disclosed experts.

Each party may call all disclosed experts at trial.

<u>Electronic Discovery</u>

The parties shall preserve all electronic documents that bear on any claims, defenses or the subject matter of this lawsuit. Documents responsive to the parties' document requests will be produced in paper or pdf form. Should the receiving party have a reasonable need to review particular documents in native form, the receiving party will request a copy in native form. The producing party will produce the requested document(s) in native form unless such production is unreasonable or unduly burdensome. Any disputes regarding the need to produce documents in native form will be raised with the Court by the party requesting the production.

<u>Handling of Sealed Documents Filed in Connection with All Motions</u>

In connection with any motion filed with this Court, only those portions of a party's submission (<u>e.g.</u>, memorandum of law, affidavit and exhibits) which meet the requirements for treatment of protection from public filing (<u>e.g.</u>, because they are subject to the attorney-client privilege or work product doctrine, they meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G), or a statute, rule or regulation prohibits their disclosure), shall be filed under seal. Designation of material as confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement.

With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and the Court contemporaneously with the documents being posted on ECF.

Dated:     August 28, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge
