UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Bank National Association and<br>U.S. Bancorp, | Case No. 12-cv-3175 (PAM/JSM) |
| Plaintiffs, | |
| v. | **ORDER** |
| Indian Harbor Insurance Company and<br>ACE American Insurance Company, | |
| Defendants. | |

This matter is before the Court on Indian Harbor's and ACE American's (the "Insurers") Requests for Permission to File Motions to Reconsider. The Insurers seek reconsideration of the Court's Order denying their Motions for Judgment on the Pleadings. (Mem. & Order (Docket No. 105).) For the reasons that follow, the Court denies the Requests.

A party may file a motion to reconsider only with the Court's permission, and the Court grants that permission only if the party shows that "compelling circumstances" warrant reconsideration. D. Minn. LR 7.1(j). This is because a motion to reconsider "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (citation and quotation marks omitted). The Court has broad discretion to allow a motion to reconsider. Haastrup v. Baniecke, No. 11-cv-1416, 2011 WL 2412946, at *1 (D. Minn. June 14, 2011) (Ericksen, J.).

In seeking reconsideration, the Insurers quarrel with two aspects of the Order. First, the Insurers contend that the Court erred by reasoning "the settlement is not uninsurable under Delaware law because no Delaware authority has held that restitution is uninsurable as a matter of law." (Mem. & Order at 5.) The Insurers insist that the Court was obligated to predict how a Delaware court would rule on the insurability of restitution. But the Insurers merely rehash, albeit in a fiercer tone, the arguments they made in their briefs and at oral argument. The Court was then, as it is now, unconvinced by those arguments. And so far, the Insurers have offered nothing new to cause the Court to change its mind.

Second, the Insurers contend that the Court erred by also reasoning "the policies exclude from coverage restitution resulting from a final adjudication and by implication include within coverage restitution stemming from a settlement" and by distinguishing the Level 3 line of cases from this case in that "virtually all" of them "involved policies without a specific provision requiring a 'final adjudication.'" (Mem. & Order at 6, 9.) But again, the Insurers simply recite cases the Court has already reviewed. The Court retains the view that the clear policy language here extends coverage to restitution unless the gains alleged to have been ill-gotten were finally adjudicated to actually have been ill-gotten.[1]

The Insurers have failed to show compelling circumstances warranting reconsideration of the Order. Though the Insurers disagree with the Order, they must do more to establish as a matter of law that the insurance policies do not cover the settlement. Accordingly, **IT**

---

[1] The Court's view is not altered by a recent non-binding, unreported, and, frankly, unpersuasive order from the Pennsylvania Court of Common Pleas.

**IS HEREBY ORDERED** that:

1. Indian Harbor's Request for Permission to File a Motion to Reconsider (Docket No. 106) is **DENIED**; and

2. ACE American's Request for Permission to File a Motion to Reconsider (Docket No. 107) is **DENIED**.

Dated: <u>July 24, 2014</u>

                                               *s/ Paul A. Magnuson*
                                               Paul A. Magnuson
                                               United States District Court Judge