UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Bank National Association and                    Case No. 12-cv-3175 (PAM/JSM)
U.S. Bancorp,

Plaintiffs,

v.                                                    **MEMORANDUM AND ORDER**

Indian Harbor Insurance Company and
ACE American Insurance Company,

Defendants.

---

This matter is before the Court on Indian Harbor's and ACE American's Motions for

Certification Under 28 U.S.C. § 1292(b) and ACE American's Motions for Certification to

the Delaware Supreme Court.  For the reasons that follow, the Court denies the Motions.

**BACKGROUND**

This is an insurance case, in which U.S. Bank National Association and U.S. Bancorp

(collectively "U.S. Bank") are suing Indian Harbor Insurance Company and ACE American

Insurance Company (collectively the "Insurers") for coverage of both $30 million out of a

$55 million class-settlement payment and related defense costs in an overdraft fee dispute.

The facts of the underlying class actions and current coverage lawsuit are chronicled in the

Court's previous Order on the Insurers' Motions for Judgment on the Pleadings (see Mem.

& Order (Docket No. 105) 1-3), and will not be repeated here.

In their Motions for Judgment on the Pleadings, the Insurers argued that the settlement

was not a covered loss based on two provisions in the insurance policies: the Uninsurable

Provision, which omitted from coverage matters that are uninsurable under Delaware law, and the Extension-of-Credit Provision, which omitted from coverage payments as a result of an extension of credit.  (Id. at 3.)  Interpreting the policies under Delaware law, the Court denied judgment on the pleadings on both bases.  (Id. at 3-11.)

The Court first rejected the Insurers' argument that the Uninsurable Provision barred coverage because the settlement constituted legally uninsurable restitution.  (Id. at 5-9.)  In doing so, the Court reasoned that "neither Delaware statute nor case law precludes insurance coverage for settlements constituting restitution" and found unconvincing the parties' speculation on how a Delaware court would rule on the insurability of restitution.  (Id. at 5-6.)  The Court then emphasized another provision in the policies, the Ill-Gotten Gains Provision, which excluded from coverage money that U.S. Bank is not legally entitled to and must return (also known as restitution) "as determined by a final adjudication in the underlying action."   (Id. at 3.)   Giving proper effect to that provision, the Court acknowledged the principle that restitution is uninsurable, construed the policies so that principle "would only control if a final adjudication—not a settlement—resolved that U.S. Bank was not legally entitled to the overdraft fees and must return them," and distinguished the myriad cases the Insurers cited as either involving policies that did not require a final adjudication or failing to analyze the impact of that requirement.  (Id. at 6-9.)

The Court also rejected the Insurers' argument that the Extension-of-Credit Provision barred coverage because the settlement concerned overdraft protection that extended credit to customers.  (Id. at 9-10.)  The Court viewed the Insurers' interpretation of the provision

as "overbroad and untenable" for it would "bar coverage of any professional-liability claim relating to U.S. Bank's lending operations." (Id. at 10.)  The Court further decided that the Insurers' application of the provision "erroneously assumes that the settlement was based on an extension of credit." (Id.)

Discontent with the Order, the Insurers proceeded to secure its immediate reversal. They initially sough reconsideration of the Order, which the Court denied.  (Order (Docket No. 108).)  They now move for certification of the Order in two ways.  Both Insurers ask the Court to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).  And ACE American asks the Court to certify the Order for legal resolution to the Delaware Supreme Court.

Before the Court examines the Insurers' Motions, however, it recognizes from the parties' apparent confusion that some clarification of the Court's reasoning on the Uninsurable Provision is necessary.  In the Order, the Court declined to conclude whether a Delaware court would adopt the principle that restitution is uninsurable yet effectively agreed with the basic principle, read the Uninsurable Provision and the Ill-Gotten Gains Provision to trigger that principle only if a final adjudication in the underlying action determined a payment to be restitution, and held that a settlement allegedly constituting restitution is not a final adjudication definitively ordering restitution.  Or put differently: Assuming Delaware law prohibits insurance coverage for the refund of ill-gotten gains, the policies here—consistent with that assumption—offer coverage unless the gains alleged to

have been ill-gotten were proved to have been ill-gotten.[1]  With that clarification in mind, the

Court turns to assess the Order's worthiness for certification.

**DISCUSSION**

Though they move for certification, the Insurers do not faithfully and succinctly

articulate the legal issues addressed in the Order that warrant certification.  But they seem

to abandon, at least for these Motions, the Extension-of-Credit Provision.  Instead, they focus

on the Uninsurable Provision and the Ill-Gotten Gains Provision.  As to those provisions, the

Order addressed the following legal issue:

Is a settlement that allegedly constitutes restitution a covered loss under an

insurance policy that:

(1)     omits from coverage matters that are uninsurable under state law that

is silent on the insurability of restitution; and

---

[1] This should also clarify that the Order did not include certain reasoning.  The Court did not conclude that restitution is insurable, much less under Delaware law; rather, it concluded that no Delaware authority expressly bars insurance coverage for restitution, which does not necessarily imply the inverse is true.  (See Mem. & Order 6 (finding none of the parties' arguments "compelling enough to support holding, as a matter of first impression, that Delaware law" permits or forbids insuring restitution).  Nor did the Court conclude that parties may contract to insure claims that are uninsurable under public policy; all that it concluded was if the rule is that restitution is uninsurable, then parties may contract to require that the claim is for actual—and not just alleged—restitution. (See id. at 9.)  And the Court did not conclude that the policy language was ambiguous and thus did not apply the doctrine of *contra proferentem*.  (See id. at 4-5 (outlining the standard for interpreting an insurance policy), 5 (determining that "the policies' clear language" countered the Insurers' position).)

(2)     excludes from coverage payments that are determined by a final

        adjudication in the underlying action to be restitution?

Given that articulation, the issue is not simply whether restitution is insurable under

Delaware law, but, if restitution is not insurable, also whether the policies here require the

restitutionary nature of the settlement payment to have been finally adjudicated in the

underlying action.  The Insurers argue that the Court should certify the Order as to the above

issue under 28 U.S.C. § 1292(b) or to the Delaware Supreme Court.

**A.     Motions for Certification Under 28 U.S.C. § 1292(b)**

The Insurers principally argue that the Order is the type of order that justifies the

exceptional course of interlocutory review authorized by 28 U.S.C. § 1292(b).  The Court

disagrees.

In general, a party may challenge only a final order on appeal.  28 U.S.C. § 1291.  But

among other exceptions, the Court may certify a non-final order for interlocutory appeal.  Id.

§ 1292(b).  Section 1292(b) establishes three criteria for certification: (1) the order "involves

a controlling question of law"; (2) that question of law has "substantial ground for difference

of opinion"; and (3) an immediate appeal from the order will "materially advance the

ultimate termination of the litigation."  See White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994).

To avoid piecemeal appeals, however, interlocutory appeals are disfavored and should be

allowed not "merely to provide review of difficult rulings in hard cases" but "only in

extraordinary cases [to] avoid protracted and expensive litigation."  Union Cnty., Iowa v.

Piper Jaffray & Co., 525 F.3d 643, 646 (8th Cir. 2008) (citation and quotation marks

omitted).  As a result, the party seeking certification bears the "heavy burden" of showing that the order meets the statutory criteria for certification.  Id.

The Order does not meet all of the criteria for § 1292(b) certification.  Even though the Order involves a controlling legal issue and an immediate appeal from the Order might materially advance this case's ultimate disposition, it does not relate to an issue on which substantial ground for difference of opinion exists.  Substantial ground for difference of opinion exists if there are "a sufficient number of conflicting and contradictory opinions." Id. at 378.  No doubt, a plethora of cases affirm that restitution is uninsurable.  Yet the Order does not contradict those cases because, as noted above, it agreed that restitution is uninsurable.  Further, the Insurers characterize several cases as concluding that restitution is uninsurable whether it is mandated by settlement or ordered by judgment.  But the Order does not contradict those cases because they do not involve policies, unlike those here, that include a final-adjudication requirement.  Additionally, some cases hold that an allegedly restitutionary settlement is uninsurable despite policy language requiring the gain to "in fact" be ill-gotten or a "final adjudication."  Again, the Order does not contradict those cases because the meaning of "in fact" is ambiguous at best and the courts do not otherwise analyze the impact of the "final adjudication" language.  Cases that are factually or legally distinguishable from the Order do not create substantial ground for difference of opinion.[2]

---

[2] Nor does commentary from bloggers in the professional-liability-insurance community create any ground for difference of opinion.

Ultimately, the Order reflects nothing more than a "difficult ruling" in a "hard case."

Union Cnty., Iowa, 525 F.3d at 646 (citation and quotation marks omitted).  The Court thus

does not certify the Order for interlocutory appeal under § 1292(b).

**B.      Motion for Certification to the Delaware Supreme Court**

ACE American alternatively argues that the Order is ripe with legal issues that should

be resolved by the Delaware Supreme Court.  The Court disagrees.

The Court could certify a question of law to the Delaware Supreme Court, which

accepts certified legal issues from federal district courts.  See Del. Sup. Ct. R. 41(a)(ii).  But

the Delaware Supreme Court would not review the question unless "there exist important and

urgent reasons for an immediate determination" of that question and the Court "has not

decided" the question.  Id. 41(a)(ii), (b).

In the Court's view, it could (but will not) certify two issues.  The first issue—whether

restitution is insurable under Delaware law—is, as noted above, an issue the Court has not

decided but is an issue the Court need not necessarily decide because, even if restitution is

uninsurable, the Court still reads the policies as requiring the settlement to actually be

restitution for it to be uninsurable.  Certifying that issue would therefore be futile.  The

second issue—whether the policies require a final adjudication—is an issue the Court

decided in the Order.

The Court thus does not certify the Order for legal resolution to the Delaware

Supreme Court.

**CONCLUSION**

The Order does not warrant certification for interlocutory appeal or legal resolution.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Indian Harbor's Motion for Certification Under 28 U.S.C. § 1292(b) (Docket

No. 109) is **DENIED**; and

2.      ACE American's Motion for Certification Under 28 U.S.C. § 1292(b) or for

Certification to the Delaware Supreme Court (Docket No. 112) is **DENIED**.

Dated: <u>October 15, 2014</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge